UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CR0216 HEA |
| | ) |
| **HALI C. WILSON,** | ) |
| | ) |
| Defendant. | ) |

## BOND REVOCATION AND DETENTION ORDER

On June 12, 2015, defendant was released on bond pursuant to the Bail Reform Act. 18 U.S.C. § 3142, et seq.  On September 4, 2015, the Pretrial Services Office requested that a warrant issue and a bond revocation hearing be held based on allegations that defendant violated conditions of her release.  On September 11, 2015, the court held a bond revocation hearing pursuant to 18 U.S.C. § 3148.  Defendant was present with her lawyer.  Counsel for the government was present with the U.S. Pretrial Services Officer who was prepared to testify, if called to do so.

Defendant waived her right to a hearing and admitted that she failed to report to drug counseling and mental health counseling appointments as described in the Petition for Action on Conditions of Pretrial Release (Doc. #79).  Defendant also admitted the use of heroin while on pretrial release, which occurred after the completion of defendant's inpatient drug treatment ordered by this Court on June 12, 2015.  At the time of the hearing, defendant had no place to reside, including with either her mother or father-in-law, who housed her previously.  Defendant asked that the Court continue her on conditions of bond.  Defendant also asked the court to allow

defendant to participate in a second round of inpatient drug treatment.  Defendant argued that she had obtained employment and that she was attempting to remain sober.  The government opposed defendant's motion.

The government countered that defendant was not amenable to conditions of pretrial release, given her relapse after inpatient drug treatment; her failures to attend counseling, and a lack of a home plan.

The allegations in the Petition for Action on Conditions of Pretrial Release are incorporated herein.  In addition to the bond violations described above, defendant refused her treatment staff's attempt to place her in an inpatient treatment center or a sober living environment <u>prior</u> to the bond revocation hearing held on September 11, 2015.

The undersigned finds based on all of the above that there is no condition or combination of conditions that could be imposed under which defendant would likely comply.

Statement of Reasons

Under the Bail Reform Act, the court must enter an order of revocation of release if, after a hearing, the judicial officer finds that there is probable cause to believe that the defendant committed an offense while on release and she is unlikely to abide by any condition or combination of conditions of release.  18 U.S.C. § 3148(b).  I have considered the facts set out in the Petition.   I have also considered the arguments of counsel.  Based upon all the available evidence, the court finds there is probable cause to believe defendant committed an offense while on release and there is clear and convincing evidence that she violated the conditions of her release.  Further, it has been shown by a preponderance of the evidence that she is unlikely to abide by any condition or combination of conditions of release.  <u>Id.</u>

All of this causes the undersigned to reasonably conclude by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant was released on bond pending trial.  Further, it has been shown by the preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant as required.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hali C. Wilson be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

**IT IS FURTHER ORDERED** that on an order of court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of October, 2015.